IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| JERMAINE LAMONT AGINS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| VS. | ) | Civ. No. 16-1168-JDT-egb |
| | ) | Crim. No. 06-10029-JDT |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER GRANTING MOTION PURSUANT TO 28 U.S.C. § 2255

The Movant, Jermaine Lamont Agins, filed a motion pursuant to 28 U.S.C. § 2255 challenging the prior convictions that were used to enhance his sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Movant relies on the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), to support his argument that his ACCA-enhanced sentence is unconstitutional. The case was held in abeyance pending a decision by the U.S. Court of Appeals for the Sixth Circuit on Agins's motion for leave to file a second or successive § 2255 motion. The Sixth Circuit granted the requested leave on June 30, 2016.

In 2006, Agins was indicted on one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He entered a guilty plea to the charge on September 12, 2006. At sentencing, the Court determined that Agins had two prior convictions for serious drug offenses and one prior conviction for reckless endangerment, a violent felony; therefore, he qualified as an armed career criminal under the ACCA. *See* 18 U.S.C. § 924(e); U.S.S.G. § 4B1.4(a). Consequently, Agins was sentenced under the ACCA to a 188-month term of imprisonment and a three-year term

of supervised release. The Sixth Circuit affirmed the conviction and sentence. *United States v. Agins*, No. 07-5232 (6th Cir. July 9, 2008).

The portion of the ACCA's definition of "violent felony" known as the residual clause provides that a violent felony is any crime that "otherwise presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In *Johnson*, 135 S. Ct. 2551, the Supreme Court held the residual clause is unconstitutionally vague and that increasing a defendant's sentence under the clause is, therefore, a denial of due process. *Id.* at 2563. The decision in *Johnson* was held to be retroactive and thus applicable to cases on collateral review. *Welch v. United States*, 136 S. Ct. 1257 (2016).

On February 7, 2017, the Court held a status conference with the attorneys in this matter. At the conference, it was agreed by the parties that Agins's prior conviction for reckless endangerment qualified as a violent felony only under the residual clause that was declared unconstitutional in *Johnson*. Absent that conviction, Agins has only two predicate convictions and no longer qualifies as an armed career criminal. The United States has filed a response to the § 2255 motion confirming that it does not oppose Agins's request for relief. Accordingly, the Court finds that Agins is entitled to relief from the enhanced sentence that was imposed pursuant to the ACCA, and the motion under 28 U.S.C. § 2255 is GRANTED. An amended judgment will be prepared in the criminal proceeding, sentencing Agins to time served and a three-year period of supervised release, in accordance with the modified guideline calculations and the agreement of the parties.

The Clerk is also directed to prepare a judgment in this civil case.

IT IS SO ORDERED.

                                          s/ **James D. Todd**
                                          JAMES D. TODD
                                          UNITED STATES DISTRICT JUDGE